UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.: 4:19cr47-MW/MAL
     4:22cv257-MW/MAL

CHESTER HERBERT,
    Defendant.

## REPORT AND RECOMMENDATION

This matter is before me on Defendant Chester Herbert's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, the Government's response in opposition, and Defendant's reply. ECF Nos. 98, 103, 108. After review of the record and relevant law, the undersigned recommends the section 2255 motion be denied without an evidentiary hearing because Defendant failed to establish that he is entitled to relief. *See* Rules Governing § 2255 Cases 8(a)–(b).

I.    BACKGROUND

On May 7, 2019, a federal grand jury returned a one count indictment charging Defendant with the unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), and 924(e). ECF No. 1. The indictment listed seven prior felony convictions. *Id.* To comply with *Rehaif v. United* States, 588 U.S. 225 (2019), which required a defendant to have knowledge of a previous felony conviction, a

superseding indictment was returned on August 7, 2019. ECF No. 17. On October 17, 2019, Defendant pled guilty without a written plea agreement. ECF No. 49.

Defendant's Second Revised Final Presentence Investigation Report ("PSR") assessed his base offense level as 24. ECF No. 78, PSR ¶ 21. Defendant received a two-point adjustment because the firearm was previously reported as stolen. *Id.* ¶ 22. Based on Defendant's criminal history, Defendant was determined to be an armed career criminal. *Id.* ¶ 27. This subjected Defendant to both a Chapter Four enhancement under § 4B1.4 of the Sentencing Guidelines and a mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *Id.* ¶ 27. The PSR identified six predicate offenses: one conviction for resisting an officer with violence, two convictions for the sale or delivery of cocaine near a church, two convictions for possession with intent to distribute controlled substances (cocaine and ethylone, respectively), and one conviction for aggravated assault on a peace officer. *Id.* The Government submitted a sentencing memorandum proffering *Shepard* documents for at least six predicate offenses. ECF No. 91.

Defendant objected to the application of the ACCA in his pro se response to the draft PSR. ECF No. 62. Specifically, Defendant claimed his convictions for resisting an officer with violence and aggravated assault on a peace officer did not qualify as violent felonies. *Id.* at 4. Defendant makes the same arguments in the instant motion.

After the enhancements and an offense level reduction for acceptance of responsibility, Defendant's total offense level was determined to be 31. ECF No. 78, PSR ¶¶ 28, 29. The total offense level (of 31) combined with a criminal history category of VI provided for an advisory guideline range of 188 to 235 months. *Id.* ¶ 132. Defendant faced a statutory minimum term of imprisonment of fifteen years. *Id.* ¶ 131. On July 16, 2021, the court sentenced Defendant to a term of 180 months' imprisonment. ECF No. 94. Defendant did not appeal.

Defendant timely filed this instant motion under section 2255 in July of 2022. ECF No. 98. Defendant asserts four grounds for relief. The four grounds for relief all revolve around the application of the ACCA enhancement. Grounds one to three turn on whether the ACCA enhancement was erroneously applied. Ground four asserts that failure to object to the ACCA enhancement constituted ineffective assistance of counsel.

II.     ANALYSIS

A. Standards for § 2255 Motions

Under section 2255, a sentence can be vacated, set aside, or corrected only if the sentence (1) violated the Constitution or laws of the United States, (2) was imposed by a court without jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The movant

"bears the burden [of proving] the claims in his § 2255 motion." *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017) (citations omitted).

But section 2255 is not a substitute for direct appeal. That is, issues not raised on appeal are procedurally defaulted. *Seabrooks v. United States*, 32 F.4th 1375, 1383–84 (11th Cir. 2022). Issues that are procedurally defaulted cannot be presented in a section 2255 proceeding unless that default is excused. *Id.* at 1384. A procedural default can be excused if a defendant shows either (1) cause and prejudice or (2) a miscarriage of justice or actual innocence.[1] *Id.*

Additionally, an evidentiary hearing is not required where the motion, files, and record conclusively show Defendant is not entitled to relief. 28 U.S.C. § 2255(b). To receive an evidentiary hearing, Defendant must allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Ochoa v. United States*, 45 F.4th 1293, 1300 (11th Cir. 2022) (quoting *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)). Allegations that are "patently

---

[1] Defendant did not directly appeal his sentence; thus, he did not raise any arguments on appeal. For that reason, any claims that could have been raised on appeal are procedurally defaulted. Defendant has not alleged cause and prejudice, or a miscarriage of justice or actual innocence. Additionally, construing Defendant's ineffective assistance of counsel argument as an argument for cause is unavailing. That argument does not provide cause because counsel was not unconstitutionally ineffective in failing to make meritless objections. *See Payne v. Allen*, 539 F.3d 1297, 1314 n.16 (11th Cir. 2008). Consequently, there is also no prejudice. Either way, the Government does not argue Defendant's issues are procedurally defaulted. Thus, the undersigned, like the parties, resolves the case on the merits. *See Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1261 (11th Cir. 2013) ("[T]he procedural-default rule is not jurisdictional . . . ."), *overruled on other grounds by McCarthan v. Director of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017).

frivolous, based upon unsupported generalizations, or clearly contradicted by the record" do not provide a basis for an evidentiary hearing. *Id.*

B. <u>Timeliness of § 2255 Motion</u>

Defendant timely filed his section 2255 motion. Defendant had one year from when his judgment of conviction became final to file this instant motion. 28 U.S.C. § 2255(f)(1). Defendant's judgment of conviction was entered on July 23, 2021. ECF No. 94. If a defendant does not file an appeal, his conviction becomes final when the fourteen-day time period for filing an appeal expires. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Thus, Defendant's judgment became final on August 6, 2021. Defendant filed his motion on July 7, 2022, pursuant to the prison mailbox rule.[2] ECF No. 98 at 15. Therefore, his claims are timely under section 2255(f)(1).

C. <u>Defendant's Grounds for Relief</u>

Defendant asserts four grounds for relief. Grounds one to three turn on the same issue: Whether Defendant's sentence was improperly enhanced under the ACCA. Defendant contends that because he did not have three predicate convictions, he is "'Actually Innocent' as to the [ACCA]," the sentencing court "lacked

---

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *Houston v. Lack,* 487 U.S. 266, 276 (1988); *Williams v. McNeil,* 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). The § 2255 motion is dated July 7, 2022, and the envelope is postmarked July 11, 2022.

jurisdiction to impose" an enhanced sentence, and the enhanced sentence "is in excess of the maximum authorized" by law. ECF No. 98 at 4–8; *see also* 18 U.S.C. § 924(a)(2) (2021) (amended 2022) (setting the maximum sentence for a knowing violation of section 922(h) at ten years). Because the grounds turn on the same reasoning, the undersigned analyzes these grounds together.

1. <u>Grounds One, Two, and Three—Wrongful Application of ACCA</u>

Defendant claims that four of his prior offenses were unlawfully included as predicate offenses. ECF No. 98 at 5. Therefore, Defendant maintains that he is "'Actually Innocent' as to the [ACCA]," the district court lacked jurisdiction to impose the mandatory minimum that results from the ACCA enhancement, and his sentence exceeds the maximum authorized by sections 922(g) and 924(a)(2).[3]

Defendant is not entitled to relief on these grounds because he has at least three predicate offenses. The Government provided in its sentencing memorandum eight convictions it argued qualified as predicates. ECF No. 91. The Government

---

[3] In his first ground for relief, Defendant argues that the PSR did not "specif[y] which priors were violent felonies or serious drug offenses." But "the failure to specify the qualifying offenses in the PS[R] does not invalidate [a] conviction." *Holmes v. United States*, No. 20-21589-CV, 2021 WL 7368587, at *11 (S.D. Fla. Oct. 14, 2021). Additionally, "there is no requirement that the government prospectively address whether each and every conviction listed in the criminal history section of a PSI is an ACCA predicate . . . ." *Tribue v. United States*, 929 F.3d 1326, 1332 (11th Cir. 2019). Even if so required, the Government identified eight potentially qualifying convictions in its sentencing memorandum, *see generally* ECF No. 91, and the PSR identified five predicate offenses and listed Defendant's robust criminal history, s*ee generally* ECF No. 78. Construing this argument as another ground for relief, the undersigned finds that this ground lacks merit. The argument is also procedurally defaulted, and Defendant has not identified circumstances to excuse that default.

correctly concedes that one of those convictions (the conviction under O.C.G.A. § 16-5-21(c), aggravated assault on a peace officer) does not qualify. ECF No. 103 at 3; *see also United States v. Moss*, 920 F.3d 752, 754 (11th Cir.), *vacated* 928 F.3d 1340 (11th Cir. 2019), *reinstated* 4 F.4th 1292 (11th Cir. 2021) (mem.). Defendant challenges four convictions.[4]

### a. Florida Cocaine Convictions

Defendant has four convictions for violating Fla. Stat. § 893.13. All four Florida cocaine convictions qualify as serious drug offenses. At the time of Defendant's Florida convictions, both the Florida controlled substance schedule and the federal schedule included ioflupane. But at the time of Defendant's sentencing, neither the Florida nor federal schedule criminalized ioflupane. Therefore, Defendant argues, his Florida cocaine convictions should no longer count as serious drug offenses.

But that is not the correct inquiry. The inquiry is not whether the least culpable

---

[4] Thus, there are four unobjected to convictions: two Florida convictions for possession with intent to sell cocaine and two Georgia convictions for possession of a controlled substance with intent to distribute. That would be enough to find the ACCA enhancement lawful. However, Defendant's argument could also apply to his two other Florida drug convictions. Those possession convictions did not appear in the PSR's discussion of the armed career criminal designation, but they did appear in the criminal history section of the PSR and in the Government's sentencing memorandum. Because Defendant bears the burden to prove his claim for relief, his claim on this ground necessarily fails since Defendant has not addressed these two other Florida drug convictions. Nevertheless, the undersigned construes Defendant's argument liberally and interprets it as applying to all four Florida drug convictions.

act under the statute has remained a crime or a serious drug offense. The inquiry is "a backward-looking question," asking whether "the law that applied at the time of that conviction" was a serious drug offense. *McNeil v. United States*, 563 U.S. 816, 820 (2011); *see also Brown v. United States*, 144 S. Ct. 1195, 1210 (2024) (holding that a state drug conviction qualifies as a serious drug offense where the federal schedule included the drug *at the time of that offense*). At the time of Defendant's convictions, ioflupane was prohibited under both the Florida and federal schedules. The later removal of ioflupane does not invalidate those convictions from qualifying as serious drug offenses. *Brown v. United States*, 144 S. Ct. 1195, 1210 (2024). Thus, Defendant's four Florida cocaine convictions under section 893.13 are ACCA predicates. *See id.*

b. <u>Florida Resisting an Officer with Violence Conviction</u>

Defendant has also failed to show that his conviction for resisting an officer with violence under Fla. Stat. § 843.01 is not a violent felony.

The Eleventh Circuit has repeatedly affirmed that a violation of Fla. Stat. § 843.01 is categorically a violent felony under the ACCA. *See, e.g.*, *United States v. Deshazior*, 882 F.3d 1352, 1355 (11th Cir. 2018); *United States v. Joyner*, 882 F.3d 1369, 1378 (11th Cir. 2018); *see also United States v. Young*, No. 23-12386, 2024 WL 3355376, at *1 (11th Cir. July 10, 2024). Defendant has argued that these cases have been undercut by the Supreme Court's decision in *Borden v. United*

*States*, 593 U.S. 420 (2021).

Defendant is wrong. These precedential Eleventh Circuit decisions survive the Supreme Court's decision in *Borden*. *See Young,* 2024 WL 3355376, at *2. In *Borden*, the Supreme Court held that a criminal offense cannot qualify as a violent felony if it "requires only a *mens rea* of recklessness." 593 U.S. at 423. This limitation does not impact the sweep of Fla. Stat. § 843.01. The Florida Supreme Court has held that section 843.01 requires "a general intent to '*knowingly and willfully*' impede an officer." *Frey v. State*, 708 So.2d 918, 920 (Fla. 1998) (emphasis added); *see also Young*, 2024 WL 3355376, at *2 (noting that the Eleventh Circuit's "pre-*Borden* precedent had already held that an offense under Fla. Stat. § 843.01 cannot be committed with a *mens rea* of recklessness"). Therefore, Defendant's conviction under Fla. Stat. § 843.01 counts as a predicate offense.[5]

   c. <u>Georgia Possession of Controlled Substances with Intent to Distribute Convictions</u>

Defendant has not argued that his two convictions under O.C.G.A. § 16-13-30(b) did not count as serious drug offenses. Nor could he credibly argue the cocaine conviction does not qualify. *See United States v. Safeeullah*, 453 Fed. App'x 944, 948 (11th Cir. 2012). Defendant also has not met his burden as to the ethylone

---

[5] The undersigned need not resolve whether Defendant's convictions under Fla. Stat. §§ 843.01 and 893.13, resulting from his April 10, 1997, arrest, occurred on the same occasion. Assuming that they did occur on the same occasion, Defendant would still have a sufficient number of qualifying convictions to warrant the ACCA enhancement.

conviction. *See Beeman*, 871 F. 3d at 1222; *Coon v. United States*, 441 F.2d 279, 280 (5th Cir. 1971) ("A movant in a collateral attack upon a judgment has the burden to allege and prove facts which would entitle him to relief."); *United States v. Phifer*, 909 F.3d 372, 385 (11th Cir. 2018) (reserving the question of whether ethylone is a positional isnomer of butylone on a factual record devoid of expert testimony on the question). But even if the two Georgia drug convictions do not qualify as ACCA predicates, Defendant would still qualify with just the Florida convictions.[6]

Because Defendant is unable to show that the ACCA enhancement was unlawfully imposed, grounds one, two, and three fail on the merits.

2. Ground Four—Ineffective Assistance of Counsel

Defendant contends that his attorney was ineffective for failing to object to the ACCA enhancement. To prevail on an ineffective assistance of counsel claim, Defendant must show that (1) his lawyer was constitutionally deficient, and (2) that deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Defendant is unable to satisfy the first prong of the *Strickland* inquiry. An attorney is not ineffective for failing to raise a meritless objection. *Freeman v. Atty. Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). As explained above, any objection to the ACCA enhancement

---

[6] Those convictions are the four drug convictions under Fla. Stat. § 893.13 and the resisting an officer with violence conviction under Fla. Stat. § 843.01.

would have been without merit. Because those objections would have been meritless, Defendant's attorney was not ineffective.

Furthermore, Defendant cannot show prejudice. Because the objections were meritless, Defendant would have still been designated as an armed career criminal based on at least three predicate offenses. Thus, ground four fails on the merits.

### III.   CONCLUSION

An evidentiary hearing is not necessary to resolve Defendant's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). For the foregoing reasons, the undersigned finds that Defendant has not met his burden of establishing that any of the claims raised in this instant motion have merit. Therefore, his motion should be denied in its entirety.

### IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed. Rules Governing § 2255 Cases 11 (b).

After review of the record, the court cannot find a substantial showing of the denial of a constitutional right. *See* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003) ("A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."). Therefore, it is also recommended that the court deny a certificate of appealability in its final order. If there is an objection to this recommendation by either party, that party may do so in its objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 98) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Gainesville, Florida on September 24, 2024.


/s/ *Midori A. Lowry*
MIDORI A. LOWRY
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.